IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE ELDRIDGE, # 184272, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 2:14cv289-MEF |
| ) | (WO) |
| ) | |
| CHRISTOPHER GORDY, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus filed by Alabama inmate Willie Eldridge ("Eldridge") on about April 17, 2014. (Doc. #1.) Eldridge challenges the continuing validity of a sentence imposed by the Circuit Court of Marengo County on October 30, 1995, a 19-year term of imprisonment for first-degree assault, on the basis that he was erroneously released from the Alabama Department of Corrections and that the entire time he was at liberty should be credited as time served and he should be released from prison. (*See* Doc. #1 and #2.)

**DISCUSSION**

This court, "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted and sentenced [the petitioner]." *See* 28 U.S.C. § 2241(d). Eldridge is challenging the continuing validity of a sentence imposed by the Circuit Court of Marengo County, Alabama. Marengo County is located within the

jurisdiction of the United States District Court for the Southern District of Alabama. Consequently, this court concludes that the transfer of this case to such other court for hearing and determination is appropriate.[1]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before May 30, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

---

[1] A decision on Eldridge's application for *in forma pauperis* status (Doc. #3) is reserved for ruling by the United States District Court for the Southern District of Alabama.

error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of May, 2014.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE